IN THE UITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:18CR00210 |
| | ) | |
| vs. | ) | |
| | ) | DEFENDANT'S MOTION FOR |
| | ) | VARIANCE DOWNWARD |
| BRYANT FREEMONT, Jr. | ) | |
| Defendant. | ) | |


COMES now the Defendant through his attorney, Mary C. Gryva, and moves this Court for a variance downward from the Defendant's proposed guideline range of 24 to 30 months of incarceration.  As a basis for this motion the Defendant cites to the PSR, paragraphs 32 to 38, noting the absence of a prior criminal history, to paragraphs 49 to 51, noting the Defendant's success of rehabilitation while involved in chemical dependency treatment, and finally to paragraphs 40 to 44, detailing his family history.

18 U.S.C. 3553 (a) requires a court to consider individual factors personal to the Defendant in imposing a sentence.  The first consideration required under the statute is the nature and circumstances of the offense.    In this instance the Defendant had been drinking on the night of the offense and approached the victim in a parking area demanding monies from her.  While the victim was apprehensive she reluctantly gave the Defendant twenty (20) dollars after the Defendant claimed to have a weapon, which he did not. The Defendant admits that he was using alcohol and marijuana at the time of the offense.

1

As noted in the Presentence Report the Defendant has experimented with controlled substances, primarily alcohol and marijuana.  Since the Defendant's entrance into treatment on July 15, 2019, he has completed an inpatient substance abuse program at Nebraska Urban Indian Health Coalition in Omaha. He is currently involved in the Eagle Height's aftercare program and attends all required group meetings.  He is employed full time as noted in the PSR and enjoys his job primarily as it gives him a positive sense of self and it also allows him to purchase items for his siblings which in turn contributes to his over-all self-esteem.  He views himself as a type of role model for his family.  His future goals are furthering his education to allow him to be an athletic coach in high school.

As also noted in the PSR the Defendant has internalized the struggles his family of origin has faced with alcohol, stating that if there were anything he could change about his childhood it would be "my parents' actions, lifestyle, the drinking." The Defendant has expressed that as a consequence of this parental neglect he often felt emotionally abused and depressed during his preteen and teenage years. (PSR at 48).

While the Defendant has served only a minimal time of incarceration before entering inpatient treatment, it appears that the current guideline range of 24 to 30 months is excessive in relation to the circumstances surrounding the offense as committed.  Incarceration would disrupt the Defendant's on-going treatment, his employment, and his future educational goals.  If the Defendant continues with his abstinence of alcohol and other mood-altering substances, this offense may in fact become an aberration of his overall conduct.  Incarceration would serve to also

disrupt his relationship with his siblings and other family members.  In addition, as the Court is well aware, incarcerating a 19 year old with no prior criminal record, especially in light of the circumstances of this offense, could negatively impact the Defendant's future goals and rehabilitation.

WHEREFORE the Defendant moves this Court for an order varying downward from the Total Offense Level as determined by this Court in an effort to achieve the sentencing goals as outlined in 18 U.S.C. § 3553 (a) to wit; the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to afford adequate deterrence to further criminal conduct,  to protect the public from further crimes, and to provide needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.  By taking into account the Defendant's family history, his successful chemical treatment history, his current lifestyle, and his overall future goals, these statutory goals can be achieved by arriving at a sentence of either time served or at a lesser term of incarceration than the advisory guidelines reflect. Such a sentence would be sufficient, but not greater than necessary to reflect the intent of the statute .

BRYANT FREEMONT, JR.
DEFENDANT


/s/Mary C. Gryva
Mary C. Gryva
Assistant Federal Public Defender
222 South 15th Street, Suite 300N
Omaha, NE  68102
(402) 221-7896

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system and sent information of such filing via email to the following:  Jody B. Mullis and Chris J. Niles

/s/Mary C. Gryva