IN THE UITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>BRYANT FREEMONT, Jr. )<br>    Defendant. ) | 8:18CR00210<br><br>DEFENDANT'S SENTENCING<br>MEMORANDUM |

**INTRODUCTION**

The defendant, Bryant Freemont, Jr., is before the Court for sentencing. This sentencing memorandum is filed in conjunction with the defendant's motion for a variance from the advisory guideline sentencing range of 24 to 30 months. (Filing No. 54). The issue before the Court is an appropriate disposition of this matter based upon the Defendant's characteristics as outlined in 18 U.S.C. §3553.

On July 26, 2019, the defendant pled guilty to count one of the Indictment alleging robbery on the reservation. The Court accepted the plea and adjudged the defendant guilty at the time. There is no written plea agreement in this matter.

The defendant is nineteen (19) years of age, having been born on June 4, 2000 in Sioux City, Iowa. The defendant's father is Bryant Freemont, Sr. who currently resides in Macy, Nebraska and is attending substance abuse treatment. The defendant's mother resides in Sioux City, Iowa. The defendant and his mother are currently estranged. The defendant was raised primarily in Macy, Nebraska. As stated in the defendant's Motion for Variance and in the PSR, the defendant's

1

childhood was chaotic due to his parents' alcohol abuse. This led to the defendant and his siblings being removed from his parents' home when they were drinking to excess. The family would be reunited when his parents were able to maintain sobriety.  The defendant stated that he often felt emotionally abused and depressed while growing up under these circumstances.  Despite these conditions the defendant did not become involved in the criminal justice system until he also began to abuse substances and committed the instant offense.  This is his first criminal conviction, unfortunately it is a felony.

While on pretrial release the defendant entered into a substance abuse program that he has successfully completed.  Currently the defendant is maintaining his sobriety while in a half-way house and attending group therapy for substance abuse after work.  He is gainfully employed full time and has earned a high school diploma. He has expressed goals of obtaining a college education that would allow him to teach and coach in a secondary school.  As indicated in his Motion for Variance, the defendant has also been able to provide clothing and other necessities for his siblings while employed full time.

## ARGUMENT

A court may determine that a particular guideline does not adequately consider factors outlined in 18 U.S.C. §3553 (a), that it reflects an unsound judgment by the Sentencing Commission, does not give proper weight to offender characteristics, or that another sentence is appropriate. *Rita v. United States,* 551 U.S. 338 (2007).  In *Kimbrough v. United States,* 552 U.S. 85 (2007), the court held that sentencing judges "may vary…based solely on policy considerations, including

2

disagreements with the guidelines".  18 U.S.C. 3553(a) requires a court to consider individual factors personal to the defendant in imposing a sentence.  The first consideration required under the statute is the nature and circumstances of the offense.  The defendant presents to the Court as a person who has spent his formative years in an environment of abuse and neglect.  The defendant's childhood abuse with his subsequent addiction, more than any other reason, has been the driving force for his current involvement in the criminal justice system.  Providing a sentence that is sufficient but not greater than necessary to deter the defendant from future criminal activity and which is appropriately punitive for the offense to which he has pleaded guilty is the overall goal of a sentencing order.

## CONCLUSION

For all the foregoing reasons, the defendant prays that this Court arrive at a sentence which is "sufficient, but not greater than necessary" to achieve the statutory goals to be achieved at sentencing pursuant to 18 U.S.C. 3553(a).

BRYANT FREEMONT, Jr.
DEFENDANT
/s/Mary C. Gryva
Mary C. Gryva
Assistant Federal Public Defender
222 South 15th Street, Suite 300N
Omaha, NE  68102
(402) 221-7896

## CERTIFICATE OF SERVICE

    I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent information of such filing to the following: Jody B. Mullis and Chris Niles.

*/s/*Mary C. Gryva